UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL TORRES,

                       *Plaintiff*,

       -against-

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION

                       *Defendant*.

**CONSENT DECREE**

No. 9:20-CV-301
(MAD)

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Defendant hereto pursuant to 28 U.S.C. § 1331.

2. Venue properly lies pursuant to 28 U.S.C. § 1391(b)(2).

3. Based on the foregoing recommendations made by both Plaintiff's expert and DOCCS' psychologist, following the execution of this Consent Decree, Defendant agrees to continue Plaintiff's enrollment in the Building Maintenance Program commencing in the Fall 2024 term and each term thereafter so long as he remains qualified for the program, and to provide the following reasonable accommodations to Plaintiff when he is attending the Building Maintenance Program:

    (a) use of a SARA reader device with audio capabilities; (b) access to one-on-one assistance via an Incarcerated Peer Assistant ("IPA") or Building Maintenance instructor; (c) use of a talking dictionary; (d) use of graphic organizers with visual aids; (e) review of lessons previously taught in the Building Maintenance Program with repetition; (f) access to a talking calculator; (g) short breaks when needed, but no more frequent than every half hour; and (h) extra time when a new topic is introduced.

1

4. Defendant further agrees to provide Plaintiff with an individualized assessment conducted by a licensed psychologist in the Summer of 2025 in order to receive any new or amended reasonable accommodation recommendations. Defendant shall serve a copy of any resulting report on Plaintiff's counsel and consider any adjustments in Plaintiff's reasonable accommodation as recommended by the psychologist.

5. The reasonable accommodations set forth in paragraph 3 above, and any modifications made thereto pursuant to paragraph 4 above, shall remain in place for a term expiring on the earlier of two years from the date that this Consent Decree is so ordered by the Court or upon Plaintiff's successful completion of the Building Maintenance Program.

6. Nothing herein shall be construed by Defendant to in any way limit its obligation to provide Plaintiff with reasonable accommodation to ensure Plaintiff's meaningful access to programs and services offered by DOCCS other than the Building Maintenance Program.

7. The parties agree and acknowledge that the execution of this Consent Decree does not constitute an admission by Defendant of any constitutional violations, wrongdoing, or liability on behalf of Defendant. This Consent Decree does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

8. Solely for purposes of this Consent Decree, Defendant agrees that the prospective relief set out in this Consent Decree satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A), and it does not object to a finding by the Court that the specific prospective relief set out herein is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to correct the violations of federal rights alleged by the Plaintiff. Defendant agrees not to seek termination of this Consent Decree during its two-year term on the grounds set out in 18 U.S.C. §

3626(b)(2) or based upon the absence of any other findings of fact by the Court. Except to enforce this Consent Decree during its two-year term, this clause shall not be admissible against Defendant in any court for any purpose.

9. Law Office of Amy Jane Agnew, P.C. will make an application for an award of attorneys' fees and costs that were incurred by the Law Office of Amy Jane Agnew, P.C. within thirty days of the entry of this Consent Decree. The Court will retain jurisdiction over such an application and rule on that application pursuant to the Rehabilitation Act and other relevant law. Entry of this Consent Decree shall not release Plaintiffs' claims for attorneys' fees and costs.

10. This Decree will automatically terminate upon the expiration of the two-year term or upon Plaintiff's successful completion of the Building Maintenance Program as set forth in paragraph 5 above, without the requirement of a motion pursuant to 18 U.S.C. § 3626(b)(1)(A) or further action by the Court.

11. This Consent Decree may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

12. The foregoing constitutes the entire agreement of the parties.

Dated: July 2, 2024
New York, New York

LAW OFFICE OF AMY JANE AGNEW, P.C.

By: _____
Amy Jane Agnew, Esq.
Bar Roll No. 700639
*Counsel for Plaintiff*
24 Fifth Avenue, Suite 1701
New York, New York 10001
Telephone: (973) 600-1724
Email: aj@ajagnew.com

3

Dated: 7/3, 2024
Albany, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
The Capitol
Albany, New York 12224-0341

By: _____
Lauren R. Eversley
Assistant Attorney General, of Counsel
Bar Roll No. 700641
Telephone: 518-776-2619
Email: Lauren.Eversley@ag.ny.gov

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION

By: _____
Name (printed): JAIFA COLLADO
Title: EXECUTIVE DEPUTY COMMISSIONER

4

Dated: _____, New York

SO ORDERED:

_____
HON. MAE A. D'AGOSTINO
UNITED STATES DISTRICT JUDGE